UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00761-GNS

HAIER US APPLIANCE SOLUTIONS, INC.
d/b/a GE APPLIANCES, as successor-in-interest
to the appliance business unit of
GENERAL ELECTRIC COMPANY						PLAINTIFF

v.

MENARD, INC. d/b/a MENARD's							DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss, or in the Alternative, Motion to Compel Arbitration (DN 7). The motion is ripe for adjudication. For the reasons outlined below, the motion is **GRANTED**.

### I.  STATEMENT OF FACTS AND CLAIMS

Plaintiff Haier US Appliance Solutions d/b/a GE Appliances ("GE") manufactures appliances and provides appliance-related services. (Compl. ¶ 2, DN 1). Defendant Menard, Inc. d/b/a Menard's ("Menard's") operates a chain of home improvement retail stores. (Compl. ¶ 3). The parties entered into two separate agreements relating to Menard's sale of GE's appliances in its stores. (Pl.'s Resp. Def.'s Mot. Dismiss Ex. 2, at 2, 5, DN 15-2; Pl.'s Resp. Def.'s Mot. Dismiss Ex. 4, DN 15-4).

GE filed this action alleging various claims, *inter alia*, breach of contract and unjust enrichment relating to offsets and credits that Menard's asserts it is entitled to withhold from payments due to GE. (Compl. ¶¶ 17-43, DN 1). In the present motion, Menard's argues that the parties are required to arbitrate this dispute. (Def.'s Mem. Supp. Mot. Dismiss 2-3, DN 7-1).

## II. JURISDICTION

This Court has original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). Both parties are residents of different states, and the amount in controversy exceeds the minimum jurisdictional limit of this Court. (Compl ¶¶ 2-4).

## III. STANDARD OF REVIEW

In ruling on a motion to compel arbitration, courts apply the summary judgment standard in Fed. R. Civ. P. 56(c). *See Arnold v. Rent-a-Center, Inc.*, No. 11-18-JBC, 2011 WL 1810145, at *2 (E.D. Ky. May 12, 2011) ("This court will treat the motion to compel arbitration as one for summary judgment . . . ."); *Weddle Enters., Inc. v. Treviicos-Soletanche, J.V.*, No. 1:14CV-00061-JHM, 2014 WL 5242904, at *2 (W.D. Ky. Oct. 15, 2014) ("A motion to dismiss based on the existence of a valid arbitration agreement is not evaluated under the usual Fed. R. Civ. P. 12(b)(6) standard. Instead, courts apply the standard applicable to motions for summary judgment." (citations omitted)). "In order to show that the validity of the agreement is in issue, the party opposing arbitration must show a genuine issue of material fact as to the validity of the agreement to arbitrate, a showing that mirrors the summary judgment standard." *Great Earth Cos. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002) (internal quotation marks omitted).

## IV. DISCUSSION

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, a written agreement to arbitrate involving a dispute arising from a contract that affects interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000) (quoting 9 U.S.C. § 2). "The FAA expresses a strong public policy favoring arbitration of a wide class of disputes." *Cooper v. MRM, Inc.*, 367 F.3d 493, 498 (6th Cir. 2004). Consequently, "arbitration agreements must be read liberally to effect their purpose" with any doubts regarding arbitrability to be resolved in favor of arbitration. *Moore v. Ferrellgas, Inc.*, 533 F. Supp. 2d 740, 745 (W.D. Mich. 2008) (citing *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 89-91 (2000); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)); *see also Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003) (citation omitted). Furthermore, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed . . . absent a ground for revocation of the contractual agreement." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

From the Court's perspective, this case is atypical because both parties—sophisticated businesses—are in agreement that they are bound to arbitrate this dispute. (Def.'s Mem. Supp. Mot. Dismiss 2-3, DN 7-1; Pl.'s Resp. Def. Mot. Dismiss 1, DN 15). In invoking arbitration between the parties, Menard's relies on an arbitration provision contained in a document entitled "Conditions of Order" that was executed on July 15, 2009. (Def.'s Mem. Supp. Mot. Dismiss 4, DN 7; Def.'s Mot. Dismiss Ex. A, DN 7-2). As GE has noted, however, that provision is part of a separate defect agreement ("Defect Agreement") between the parties relating to a "parts

account." (Warren Aff. ¶ 8, DN 15-3; Pl.'s Resp. Def.'s Mot. Dismiss Ex. 4). The Defect Agreement incorporates the Conditions of Offer, which contains an arbitration provision that provides for the arbitration of dispute pursuant to the Commercial Arbitration Rules of the American Arbitration Association. (Def.'s Mot. Dismiss Ex. A, at 1, DN 7-2).

GE maintains that the salient document is the Vendor Compliance Program Letter ("VCPL"), which was executed by representatives of both parties on October 31, 2011. (Pl.'s Resp. Def.'s Mot. Dismiss Ex. 2, at 2, 5). By its terms, the VCPL incorporates the GE Dealer Handbook, which contains a provision requiring the arbitration of disputes in accordance with the Center for Public Resources Rules for Non-Administered Arbitration of Business Disputes and directing that the location for the arbitration will be in Louisville, Kentucky. (Pl.'s Resp. Def.'s Mot. Dismiss Ex. 2, at 2; Pl.'s Resp. Def.'s Mot. Dismiss Ex. 1, at 7-8).

Based on the Court's review of the Complaint, the Court is unable to determine upon which agreement GE has asserted its claims. In fact, the Complaint acknowledges that the parties entered into more than one agreement.[1] (Compl. ¶ 7). More importantly, however, neither party has challenged the validity of those arbitration provisions, which is a gateway issue of enforceability for this Court to determine. *See Rent-A-Center W., Inc. .v Jackson*, 561 U.S. 63, 69 (2010).

The only dispute between the parties is which rules apply to the arbitration: the Commercial Arbitration Rules of the American Arbitration Association or the Center for Public Resources Rules for Non-Administered Arbitration of Business Disputes. This Court's responsibility, however, is not to determine which arbitration rules apply; rather, the Court must determine threshold issues including whether the parties have agreed to arbitrate their dispute,

---

[1] In its response to the pending motion, GE has stated that its claims do not arise under the Defect Agreement. (Pl.'s Resp. Def.'s Mot. Dismiss 3).

4

which they unanimously agree that they have done in this case. As a sister court noted when confronted with a similar conundrum, "the failure to specify the applicable body of arbitration procedures to be used does not render the contract unenforceable as patently ambiguous. 'The question of "what kind of arbitration proceedings" are required under the arbitration clause is not a gateway issue for a court to decide.'"[2] *McNeill v. Haley S. Inc.*, No. 3:10cv192, 2010 WL 3670547, at *5 (E.D. Va. Sept. 13, 2010) (quoting *Davis v. ECPI Coll. of Tech., L.C.*, 227 F. App'x 250, 253 (4th Cir. 2007)).

Accordingly, the Court will grant the motion to compel arbitration and will order the parties to confer to select an arbitrator. If the parties are unable to do so within 14 days, the parties shall file cross motions with the Court requesting the appointment of an arbitrator. *See* 9 U.S.C. § 5.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Compel Arbitration and Dismiss or, in the Alternative, Stay Litigation Pending Arbitration (DN 7) is **GRANTED**. The parties **SHALL** confer and attempt to select a mutually agreeable arbitrator. If the parties are unable to choose a mutually agreeable arbitrator within **fourteen (14) days** of the entry of this order, the parties **SHALL** file cross motions to appoint an arbitrator, and the Court will select an arbitrator pursuant to 9 U.S.C. § 5. The Court will otherwise **STAY** this proceeding until the conclusion of the ordered arbitration pursuant to 9

---

[2] In its reply, Menard's also correctly notes that forum and venue matters are considered procedural issues to be resolved by the arbitrator. (Def.'s Reply Mot. Compel Arbitration 2, DN 16). As this Court has noted, "[when] the dispute between the parties is subject to arbitration, a determination of the location or venue of the arbitration is a procedural matter for the arbitrator." *Weddle Enters.*, 2014 WL 5242904, at *4 (citing *Duran v. J. Hass Grp., LLC*, No. 10-CV-4539(RRM)(SMG), 2012 WL 323818, at *4 (E.D.N.Y. June 8, 2012)).

U.S.C. § 3, at which time the Court will determine whether to enter a judgment approving any arbitration award.

                                                        **Greg N. Stivers, Judge**
                                          **United States District Court**
                                                   April 3, 2017

cc:    counsel of record